**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLIFFORD R. PIGG,

       Plaintiff - Appellant,

  and

STEPHEN G. GLOVER,

       Plaintiff,

    v.

FEDERAL BUREAU OF
INVESTIGATION,

       Defendant - Appellee.

No. 96-1440
D. Colorado
(D.C. No. 96-K-870)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Clifford R. Pigg appeals the district court's dismissal of his pro se in forma pauperis action[1] against the Federal Bureau of Investigation ("FBI") for alleged violations of the Privacy Act, 5 U.S.C. § 552a. He contends that the district court erred in applying a two-year statute of limitations bar. We affirm.

Pigg concedes that he discovered the FBI's alleged Privacy Act violations more than two years before he filed this action. In fact, in 1994 he filed a similar action based on the same conduct.[2] On appeal, however, he contends that this case should relate back to the earlier action, or, alternatively, that the statute of limitations should be tolled because of the court's delays in ruling on his outstanding motions in the 1994 case. Additionally, he complains that the district court did not give him a chance to respond to the FBI motion to dismiss, and he also notes that the court has never ruled on his first motion to reconsider in the 1994 case.[3]

---

[1]The original action below was brought by Clifford R. Pigg and Stephan G. Glover. Only Pigg has appealed. For convenience, we refer to all arguments below as if made by Pigg alone.

[2]In both actions Pigg complains that the FBI violated the Privacy Act by requiring that he give his social security number when he was arrested, and by improperly disseminating that information through the National Crime Information Computer.

[3]Pigg correctly notes that he had filed two motions in the 1994 case which had not been ruled upon at the time he filed the current action. However, the first of those outstanding motions was, in fact, superseded by the second motion which basically

(continued...)

In connection with its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the FBI presented a document from the 1994 case to establish the outer limit on Pigg's discovery of the alleged violation of the Privacy Act. Therefore, we treat the district court's dismissal as a summary judgment, Fed. R. Civ. P. 12(b), subject to de novo review. Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

Pigg cites no authority for his argument for relation back or tolling, and we have been unable to discover any. Accordingly we agree with the district court's conclusion that the 1996 action is time barred.[4] Moreover, Pigg's contention that the court improperly ruled before it received his response to the FBI's motion to dismiss is also unavailing. While it would have been preferable for the court to have waited for Pigg's response to the FBI's Rule 12(b) motion[5] before ruling in the first instance, in fact, the court did fully consider Pigg's response in connection with its ruling on Pigg's motion to

---

[3](...continued)
repeated the same arguments. Thus, the district court's ruling on the second motion fully disposed of all outstanding issues in that case. See note 4 infra.

[4]In August 1996, the district court ruled on Pigg's second motion in the 1994 case. Pigg was entitled to appeal the 1994 case after that ruling, but he failed to do so, despite the fact that the FBI had not raised a statute of limitations bar in that prior action. That he could have appealed the dismissal in the 1994 action, but chose not to, is fatal to his claim that those proceedings should toll the statute of limitations in this action. Although we liberally construe pro se pleadings, "a pro se party must follow the same rules of procedure that govern other litigants." United States v. Edwards, 69 F.3d 419, 427 n.5 (10th Cir. 1995) (quotation omitted).

[5]We note that the FBI and the court proceeded pursuant to Rule 12(b) and not pursuant to 28 U.S.C. 1915(e)(2)(B).

vacate the judgment, and it restated its ruling based on that consideration. R. Vol. I, Tab 24.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge